UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARL L. DIXON

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 07-643-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 26, 2008.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARL L. DIXON

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 07-643-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Earl L. Dixon brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability and supplemental security income (SSI) benefits.

Plaintiff was 49 years of age at the time of the ALJ's decision. AR pp. 53, 154.[1] Plaintiff went to school through the tenth grade. AR pp. 90, 156. Plaintiff's entire past relevant work consisted of employment as a maintenance worker at an apartment complex. He was employed at the complex for approximately 21 years, doing repairs, plumbing work, painting and cutting grass. AR pp. 87, 157-58. Plaintiff claimed that he was no longer able to work beginning in November 2003, because of uncontrolled hypertension, and severe pain in his back, neck, leg and shoulder. In February 2004, the plaintiff applied for disability and supplemental security income benefits. AR pp. 53-

---

[1] Under the regulations the plaintiff is classified as a "younger person." 20 C.F.R. § 404.1563(c); § 416.963(c).

55, 87, 147-48.  Plaintiff's applications were denied and the plaintiff filed a request for a hearing before an administrative law judge (ALJ).  AR pp. 39, 44, 149.  The ALJ held a hearing in October 2006 and issued an unfavorable decision on February 7, 2007.  AR pp. 14-25, 150-89.

The ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset date of his disability, November 1, 2003.  At the second step of the five step sequential disability analysis, the ALJ determined that the plaintiff had a combination of severe impairments - a back disorder and hypertension.  At step three the ALJ concluded that the plaintiff's combination of impairments did not meet or medically equal one of the listed impairments found in Appendix 1 of 20 C.F.R. Part 404, Subpt. P.

In order to determine whether the plaintiff could do either his past relevant work or make an adjustment to other work in the national economy, the ALJ had to evaluate the plaintiff's residual functional capacity to perform work-related activities.[2]  The ALJ found that the plaintiff had the following residual functional capacity:

> ... to perform occasional lifting and/or carrying of up to twenty pounds, frequent lifting and/or carrying of up

---

[2] The residual functional capacity determination is the foundation of steps four and five of the sequential disability evaluation process.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e).

2

> to ten pounds, standing and/or walking for up to six hours in an eight-hour workday, sitting for up to six hours in an eight-hour workday, unlimited pushing and/or pulling (other than as shown for lifting and/or carrying), no climbing of ladders, ropes, or scaffolds, occasional climbing of ramps or stairs, no work with exposure to hazards, machinery, or heights, and simple work which requires only limited ability to read and write.

AR p. 20.

Based on these findings, the plaintiff generally had the ability to perform work at a light exertional level.[3] The evidence showed, however, that the plaintiff's job as a maintenance worker was classified as medium.[4] Therefore, considering the plaintiff's description of his past employment and the testimony of vocational expert Wendy Klamm, the ALJ concluded at step four that the plaintiff would no longer be able to do his past relevant work as a janitor/maintenance person.[5]

The ALJ relied again on the testimony of vocational expert at the fifth and final step of the disability analysis.[6]  AR pp. 181-

---

[3] 20 C.F.R. § 404.1567(b); 20 C.F.R § 416.967(b)(definition of light work).

[4] 20 C.F.R. § 404.1567(c); 20 C.F.R. § 416.967(c)(definition of medium work).

[5] AR pp. 23, 88, 182.

[6] The ALJ determined that the plaintiff's ability to perform substantially all the requirements of light work was affected by additional limitations.  Therefore, the ALJ correctly obtained vocational expert evidence to make the findings necessary at step five of the analysis.  *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986);
(continued...)

85.  In response to the ALJ's questioning, Klamm testified that the positions of cafeteria attendant and small products assembler would fall within the hypothetical question presented by the ALJ.  AR pp. 182-83.  The ALJ cited this evidence in his written decision and concluded that the plaintiff was not disabled because he was capable of making a successful adjustment to alternative work that exists in significant numbers in the national economy.  AR pp. 24-25.

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied the plaintiff's request for review on July 18, 2007.  AR pp. 3-8.

### Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries:  (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the relevant legal standards.  *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).  If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172,

---

⁶(...continued)
*Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995).

173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).[7]

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v.* Bowen, 809 F.2d 1054, 1057 (5th Cir. 1981); Western *v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981);

---

[7] It is well-established that in cases brought under § 405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985).

5

*Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505; 20 C.F.R. § 416.905. The regulations require the ALL to apply a five step sequential evaluation to each claim for disability benefits. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, (3) the impairment(s) meets or equals the severity of a Listing impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listing impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a Listing he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits

6

only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525; 20 C.F.R. § 416.925. To show that his impairments are equivalent to a Listing impairment, the claimant must present medical findings equal in severity to all the criteria for the impairment most like his impairment. *Id.*; 20 C.F.R. § 404.1526; 20 C.F.R. § 416.926.

At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work.  The burden of proving disability rests on the claimant through the first four steps.  If the claimant shows at step four that he is no longer capable of performing any of his past relevant work, the burden shifts to the Commissioner at step five to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, *supra*.  If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

## **Analysis**

Plaintiff generally asserted that the ALJ's decision contains errors of law and is not based on substantial evidence. Plaintiff's specific claims of error focused on the ALJ's findings regarding his educational level: (1) the ALJ's written decision contained inconsistent findings on the plaintiff's educational

7

abilities, and (2) the hypothetical question used and relied on by the ALJ did not include the plaintiff's inability to read and write. The Commissioner acknowledged the inconsistencies in the ALJ's findings, but argued that reversal and remand is not warranted because the record as a whole demonstrates the intent of the ALJ's decision.

Plaintiff's arguments have merit. The ALJ's errors require reversal and remand for reevaluation of the plaintiff's claims.

The ALJ specifically stated in the numbered finding on page 7 of her decision that "[t]he claimant has a limited education and is able to communicate in English." AR p. 23. Under the regulations a "limited" educational level "means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." A seventh through eleventh grade level of formal education is generally considered a limited education. 20 C.F.R. § 404.1564(b)(3); 20 C.F.R. § 416.964(b)(3). This finding appears to coincide with the record evidence that the plaintiff attended school through the tenth grade. AR pp. 90, 156.

However, on the next page of the ALJ's decision, the ALJ stated the following:

> Although the claimant reported having a tenth grade education, construing the evidence in a light most beneficial to the claimant, **the Administrative Law Judge finds that the claimant is illiterate** and that his past

work was performed at an unskilled level. (emphasis added).

In the same paragraph the ALJ also noted that a finding of "not disabled" would be directed under Medical-Vocational Guidelines Rule 202.16.[8]  AR p. 24.  Examination of Rule 202.16, shows that it applies to younger individuals who are illiterate and unskilled.[9]  The regulations define illiteracy as "the inability to read or write."  A person is considered illiterate if the person cannot read or write a simple message such as instructions or inventory lists, even though the person can sign his or her name. 20 C.F.R. § 404.1564(b)(1); 20 C.F.R. § 416.964(b)(1).  The record clearly contains evidence to support the ALJ's conclusion that the plaintiff is illiterate.[10]

Despite these specific findings, the ALJ's residual functional capacity determination included restricting the plaintiff to "simple work which requires only limited ability to read and write."  AR p. 20.  The ALJ apparently included this same restriction in his questioning of the vocational expert by telling her that she should assume that the plaintiff had a "very limited

---

[8] However, the ALJ obtained and relied on vocational expert evidence because she found that the plaintiff's ability to do light work was affected by additional limitations.  AR p. 24.

[9] 20 C.F.R. Ch.III, Pt. 404, Subpt. P, App. 2, Table No. 2, "Light Work."

[10]  AR pp. 70, 114, 156-57, 176-77.

ability to read and write." AR p. 182-83.[11]

Contrary to the Commissioner's assertion, the intent of the ALJ's decision regarding the plaintiff's educational level is not clear. The decision contains three different findings regarding the plaintiff's educational abilities, and specifically his ability to read and write. The vocational expert testimony which supports the finding at step five that the plaintiff is not disabled is based on the plaintiff having a limited ability to read and write. Since the ALJ's decision contains inconsistent findings, the only way this vocational evidence could constitute the substantial evidence necessary to support the Commissioner's decision is if the court would review and weigh the evidence, and then choose one of the findings contained in the ALJ's decision. On judicial review, this would be improper. It is the role of the ALJ and the Commissioner to weigh the evidence, evaluate credibility and find the facts.[12]

At the fifth and final step of the disability analysis, a

---

[11] Although not clear from the record, the ALJ may have used the phrase "limited ability to read and write" in the hypothetical based on the plaintiff's response to one of the questions asked at the hearing. The ALJ asked the question: "Can you read?" The plaintiff responded, "A little bit but not that much." AR p. 156.

[12] The role of the ALJ as finder of fact is to consider and weigh the evidence. The court's limited role is to determine whether substantial evidence in the record as a whole supports the ALJ's factual findings and whether the proper legal standards were applied. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991); *HALJ v. Barnhart*, 31 Fed.Appx. 839 (5th Cir. 2002).

claimant's educational level is material to the determination of whether the plaintiff can perform other work.[13]  Because the ALJ's finding on this critical issue is unclear, the court cannot conclude that the vocational evidence relied on by the ALJ constitutes the substantial evidence necessary to support the Commissioner's decision.  Plaintiff's claim for benefits should be remanded due to the ALJ's error and the lack of substantial evidence to support the finding at the fifth step that the plaintiff can make an adjustment to other work.

## **Recommendation**

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of Michael J. Astrue, the Commissioner of Social Security, denying the plaintiff's application for disability and supplemental security income benefits be reversed, and this case be remanded to the Commissioner.  Plaintiff's claims for benefits should be remanded for the Commissioner to make a clear finding regarding the plaintiff's educational level, and to obtain any vocational or other evidence necessary to determine whether the plaintiff is

---

[13] If a finding is made at step four that the claimant cannot do his past relevant work, at step five the claimant's residual functional capacity it considered, together with the claimant's age, **education** and work experience (vocational factors), to determine if the claimant can make an adjustment to other work that exists in significant numbers in the national economy. (emphasis added).  20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g).

disabled within the meaning of the Social Security Act.

Baton Rouge, Louisiana, September 26, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE